**EXHIBIT A2**

     **MS. WARD:** Even if that penalty is imposed, were there to be a disciplinary penalty imposed at an actual trial proceeding, the plaintiffs still has the opportunity. And the Court addresses that I believe at page 713 of the *Hirsh* decision. The plaintiff has the opportunity to petition the Court. There is nothing to preclude the plaintiff from requesting a stay from the Superior Court of that decision.

     **THE COURT:** At what point would you concede that it is no longer an adequate remedy in terms of delay? Let's say the license -- the revocation decision becomes effective and final on day X, and let's say the state system doesn't allow you to get to court for a month, is it still adequate?

     **MS. WARD:** I believe the way that the statutory framework has been set up is and the legal authorities that support that indicate that it is adequate. The onus is on the plaintiff upon receipt of that decision to make a decision about whether or not they want to appeal. That is it particularly designated to them.

     **THE COURT:** Let me ask Mr. Melchior the question.

     The *Kenneally* case sort of sounds like a due process analysis.

     **MR. MELCHIOR:** It does.

     **THE COURT:** Whether predeprivation or post-deprivation.

     **MR. MELCHIOR:** It does.

```
 1          THE COURT:  Is that -- is there any explicit
 2  equation between the procedural due process analysis and
 3  whether the third prong of Younger is met?
 4          MR. MELCHIOR:  Oh, I think that is necessarily the
 5  reason for the third prong, namely, that the basis for Younger
 6  in abstention is that the Younger plaintiff's rights are
 7  adequately protected without any risk of deprivation under the
 8  process.
 9          And if I may continue -- would you like me to
10  continue?
11          THE COURT:  Yep.
12          MR. MELCHIOR:  I have thought about that quite a
13  bit, of course, in the course of the briefing and afterwards,
14  and we cited in our briefs the trilogy of cases about
15  predeprivation right to be heard, the *Sniadach* and *Fuentes* --
16          THE COURT:  Yes.
17          MR. MELCHIOR:  And Goldberg, which sofar as I'm
18  aware, no other Younger decision has addressed, at least none
19  that I have found and none that has been presented to the
20  Court.
21          And I think that is an important constitutional
22  issue in terms of deprivation of a right.  What happens here is
23  that the Pharmacy Board can make a finding, and I think the
24  step between the administrative law judge's decision and the
25  board decision is really not pertinent here because the issue
```

1  is when are Dr. Adibi's rights fully protected once the board
2  decides?  Until that time, we are still in the administrative
3  process.
4         Contrary to Ms. Ward's experience, it has been my
5  experience, and I can mention the name of the case, it's a
6  matter of public record, where not the Pharmacy Board but the
7  medical board revoked a license and said this revocation is
8  effective today.
9         It's the case of a Dr. Simon Pinhas, P-i-n-h-a-s,
10 which I participated.  What happened there is that the Superior
11 Court, upon the first hearing of a -- section 1094.5 of the
12 California Code of Civil Procedure on petition for review ruled
13 that the case had not been made out for the discipline imposed
14 on Dr. Pinhas and remanded it to the Board.  And the Board just
15 basically said, okay, we are going to rewrite the papers
16 effective immediately.  By the time that Dr. Pinhas went back
17 to court, he had been revoked.  And we had to go back and undo
18 that.  And that is what I want to keep from happening here.
19        I think that is a defect which, as Your Honor points
20 out, *Kenneally* cured by a stipulation that they are not going
21 to do it and have the revocation effective until we go to
22 court.  But the Administrative Procedure Act section, which you
23 referred to and which you read, 11519, does give the Board that
24 discretion.
25        From the point of view of this Court, you've got to

1  deal with the issue of whether Dr. Adibi's rights are
2  adequately assured in order to find that the Younger abstention
3  properly applies.
4          **THE COURT:**  What is the practical consequence?
5  Let's say the Board exercises its power under 11519 and says
6  all right, this is so bad we are going to make it effective
7  immediately.  And then Mr. Adibi has to scramble to get to file
8  a petition for a writ of mandate and stay out of the case --
9          **MR. MELCHIOR:**  He's out of the business at that
10 moment.
11         **THE COURT:**  The day that it becomes effective he has
12 to completely stop?
13         **MR. MELCHIOR:**  He has to stop.  He's out of
14 business.
15         **THE COURT:**  Is it your position that if one finds
16 that one could then be able to get into Superior Court within,
17 let's say five days is a reasonable amount of time to get the
18 papers together and get a stay application -- because the Court
19 does say in **Kanneally** the stay application, even though it's
20 not as good as a full hearing, is enough to make it adequate,
21 because at least you get to argue the merits as part of the
22 analysis.
23         Is five days too long?  I mean, does that make it an
24 inadequate procedure to raise the federal claim under Younger?
25         **MR. MELCHIOR:**  Well, I think one day is too long,

```
 1  but --
 2           THE COURT:  I guess you would have to take that
 3  position.
 4           MR. MELCHIOR:  Pardon?
 5           THE COURT:  You have to take that position.  Any
 6  deprivation before --
 7           MR. MELCHIOR:  That is what Sniadach and Fuentes
 8  say.
 9           There was another point I wanted to make on this,
10  and I'm sorry this is not in the briefs, this is something that
11  is not in any of the cases including Bafford, Hirsh I agree
12  with the questions that Your Honor put to Ms. Ward is really
13  not pertinent because under the scheme of attorney licensing
14  there can be no revocation until the Supreme Court orders it.
15  So there is no -- not that opportunity.
16           Section 1094.5 of the California CCP, which is the
17  basis for a stay, really does not present an even playing
18  field.  And no court has discussed that in the context of
19  Younger issues.  I've got it here in section 1094.5 sub (h), it
20  says, "The Court in which proceedings under this section are
21  instituted may stay the operation of the administrative order."
22  And that, of course, is what counsel is talking about.
23           And then it goes on, "However," and I'm skipping
24  some lines that are not material to my point, "However, the
25  stay shall not be imposed or continued unless the Court is
```

1  satisfied that the public interest will not suffer and that the
2  licensed hospital or agency is unlikely to prevail ultimately
3  on the merits." So it is not an even playing field, but the
4  playing field is tilted on the basis of a presumption that the
5  decision of the administrative agency will stand.
6       There is a case, and I apologize for not having
7  brought the citation with me, but reading it reminds me, it's
8  California Supreme Court case called Fukuda, F-u-k-u-d-a,
9  versus the City of Angeles, which is not the City of Los
10 Angeles, I might add, which holds that the -- every presumption
11 of correctness applies to the administrative law decision by
12 the time it gets to court. So the stakes are not even, and
13 they are not level at all.
14      THE COURT: Well, I understand that; on the other
15 hand, the Kenneally court doesn't suggest you are entitled to
16 full de novo adjudication of the constitutional claims, they
17 suggest that the operation of discretion to issue a stay is
18 enough. I mean, you may not be satisfied with that because of
19 the high burden and the unlevel playing field, but the Court
20 does seem to suggest so long as you get in a stay motion under
21 the mandamus procedure and they do cite 1094.5, so we are
22 talking about the same animal here.
23      MR. MELCHIOR: Yes, we are.
24      THE COURT: The Ninth Circuit says that is adequate
25 as long as it's timely.

1        MR. MELCHIOR: I understand that, and I say we don't
2   meet the *Kenneally* test because we don't have the 30-day
3   stipulation.
4        In thinking this over and looking at it, there are
5   arguments which the Ninth Circuit just did not address in the
6   *Kenneally* case and that are entitled to your consideration.
7        I think that the distinction between our case and
8   *Kenneally* is good enough to get us to stay in this Court and
9   have the constitutional issue decided here, and above all to
10  have it decided without risk to Dr. Adibi of being out of
11  business while he tries to get this decided because the
12  administrative agency can't decide the Constitutional issue.
13       THE COURT: I'll give you one chance to respond, and
14  I would like to talk about --
15       MS. WARD: I don't have the benefit of the cases
16  that opposing counsel has cited, and they weren't listed in his
17  brief, so I'm not able to comment on Fukada, which he just
18  mentioned; however, I think we have to look at the State scheme
19  that has been set up to address this.
20       Now, there is an opportunity once the decision
21  becomes final whenever it does become final, for the plaintiff
22  to go in under section CCP section 1094.5 and seek that right
23  of review.
24       THE COURT: But it's all a question of timing.
25       MS. WARD: There is a question of timing; however,

1   what is important is the plaintiff has the opportunity to do
2   so.  And that is it what is guaranteed to --
3              THE COURT:  But not a -- arguably, not a timely
4   opportunity to do so, not a predeprivation opportunity to do
5   so, at least that is not guaranteed.
6              MS. WARD:  But he has the right to seek that, should
7   he choose to do so.
8              THE COURT:  That is the question, and that is what I
9   raise.  If you can get the hearing after the deprivation, but
10  shortly after, can you satisfy the third prong of Younger?  Or,
11  at least as interpreted by the Ninth Circuit, do you have to
12  have some kind of predeprivation chance?  Sounds like if one
13  were to -- when one looks at the **Kenneally** case, it does seem
14  to me that the court put a lot of weight on the timing of this
15  thing with the 30-day stipulation, and all that sort of stuff.
16  Whether that is right or wrong I don't know, but that certainly
17  seems to be what the holding is.
18             MS. WARD:  I understand Your Honor's concern,
19  however, the custom and practice is for those decisions
20  generally to have a 30-day effective date before they go into
21  effect.
22             THE COURT:  And there is no -- there are no --
23  underneath this administrative code there are no Pharmacy Board
24  regulations that say you got to have 30 days or anything that
25  I'm not aware of?