United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AFSHIN ADIBI, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CALIFORNIA STATE BOARD OF PHARMACY, *et al.*, <br><br> Defendants. <br> _____/ | No. C-05-0605 EMC <br><br> **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** <br><br> **(Docket Nos. 58, 64)** |

Plaintiffs Afshin Adibi and International Pharmaceutical Services ("IPS") have filed suit pursuant to 42 U.S.C. § 1983 against Defendants the California State Board of Pharmacy ("Board") and its executive director Patricia Harris in her official capacity. According to Plaintiffs, Defendants' actions violated both the Foreign Commerce Clause and the Supremacy Clause. Currently pending before the Court are the parties' cross-motions for summary judgment. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **GRANTS** Defendants' motion for summary judgment and **DENIES** Plaintiffs' motion for summary judgment.

## I.   FACTUAL & PROCEDURAL BACKGROUND

The Board of Pharmacy issued a pharmacist's license to Mr. Adibi and a wholesaler permit to IPS in 1991 and 1995, respectively. In 2001, the Board initiated an administrative proceeding against Plaintiffs in which it sought to revoke or suspend the license and permit because of drug sales that Plaintiffs made from California to other countries. The Board accused Plaintiffs of

violating numerous provisions of federal and California laws.  Supplemental accusations were made by the Board in 2002 and 2003.  After the initiation of the administrative proceedings, Plaintiffs filed the instant suit, claiming that Defendants' attempt to revoke or suspend the license and permit violated Plaintiffs' constitutional rights.  Defendants moved to dismiss on various grounds, including the ground that *Younger* abstention was applicable.  The Court denied the motion to dismiss.  Regarding *Younger* abstention, the Court concluded that, while the first two prongs of the *Younger* test had been met, the third had not.  Subsequently, Plaintiffs and Defendants filed the currently pending cross-motions for summary judgment.

## II. DISCUSSION

A. Legal Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  An issue of fact is genuine only if there is sufficient evidence for a reasonable jury to find for the nonmoving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).  "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]."  *Id.* at 252.  At the summary judgment stage, evidence must be viewed in the light most favorable to the nonmoving party and all justifiable inferences are to be drawn in the nonmovant's favor.  *See id.* at 255.

Where the plaintiff has the ultimate burden of proof, it may prevail on a motion for summary judgment only if it affirmatively demonstrates that there is no genuine dispute as to every essential element of its claim.  *See River City Mkts., Inc. v. Fleming Foods W., Inc.*, 960 F.2d 1458, 1462 (9th Cir. 1992).  In contrast, where the plaintiff has the ultimate burden of proof, the defendant may prevail on a motion for summary judgment simply by pointing to the plaintiff's failure "to make a showing sufficient to establish the existence of an element essential to [the plaintiff's] case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In their motion for summary judgment, Plaintiffs claim that there is no genuine dispute that Defendants' actions violate the Foreign Commerce Clause and that Defendants' actions are preempted by federal law. Plaintiffs further argue that, although they did engage in some conduct that constituted a violation of federal law, Defendants cannot discipline Plaintiffs for that conduct when the federal government has concluded that no discipline is warranted. In turn, in their motion for summary judgment, Defendants contend that *Younger* abstention is applicable because the Board of Pharmacy will not enforce any decision on whether Plaintiffs' license and permit should be revoked or suspended until 30 days, which will give Plaintiffs an adequate opportunity to challenge the decision in state court. Defendants further argue that there is no genuine dispute that their actions do not violate the Foreign Commerce Clause and that their actions are not preempted by any federal law.

B.   *Younger* Abstention

The preliminary issue that must be addressed is whether *Younger* abstention is applicable, as argued by Defendants. If so, then the Court cannot reach the merits of the parties' arguments as to whether Plaintiffs' rights have been violated.

Under the *Younger* doctrine, "abstention in favor of state judicial proceedings is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Hirsh v. Justices of the Supreme Court*, 67 F.3d 708, 712 (9th Cir. 1995) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). As noted above, Defendants argued in their motion to dismiss that *Younger* abstention was applicable but the Court disagreed. The Court concluded that, although the first two prongs of the test above had been satisfied, the third had not. Based on Ninth Circuit case law, in order for there to be an adequate opportunity to litigate federal claims, "the plaintiff must have an opportunity to have the federal claim considered on the merits by the state tribunal *before* the adverse administrative action takes effect." Order of 10/7/05, at 15 (emphasis in original). Under California Government Code § 11519, the Board could *immediately* revoke or suspend Plaintiffs' license and permit. *See* Cal. Gov. Code § 11519(a) ( "The decision [of the administrative agency] shall become effective 30 days after it is delivered or mailed to respondent unless: a

3

reconsideration is ordered within that time, or the agency itself orders that the decision shall become effective sooner, or a stay of execution is granted."). The circumstances in *Kenneally v. Lungren*, 967 F.2d 329 (9th Cir. 1992), were different because there the state medical board stipulated that it would stay the revocation of the plaintiff's physician's license for thirty days. *See id.* at 332.

In their current motion for summary judgment, Defendants renew their argument that *Younger* abstention is applicable. To support this argument, Defendants have submitted the declaration of Ms. Harris, the Executive Officer of the Board of Pharmacy. In her declaration, Ms. Harris states that the Board has adopted

> a specific policy and practice of making its decisions final following consideration of a Proposed Decision in an Accusation case effective 30 days after their issuance from the Board. The Board has by member vote specifically rejected the possibility of imposing any period before the effective date shorter than 30 days.

Harris Decl. ¶ 14. Ms. Harris further states that she

> can affirm and assure that any final decision issued by the Board following a hearing on the Accusation now pending against Afshin Adibi and International Pharmaceutical Services will be issued in compliance with the Board policy and practice of allowing for at least 30 days between the date of adoption and the effective date of the decision.[1]

*Id.* ¶ 19.

In their papers, Plaintiffs challenged the Ms. Harris's declaration on various bases. Because the Court had some concern as to whether the declaration by Ms. Harris constituted the best evidence of the Board's decision that the effective date of a decision would be no shorter than thirty days, the Court asked Defendants to provide a copy of the minutes (or other such document) reflecting that decision.

Instead of filing a copy of the minutes, Defendants filed on September 26, 2006, a copy of a Board order signed by William Powers, the president of the Board. The order states as follows:

> The long-standing policy and practice of the California State Board of Pharmacy (Board), as adopted by vote of its members, is that

---

[1] Ms. Harris, as the Executive Officer, "oversee[s] and direct[s] the determination and insertion of the effective date of each Board decision on the final adopted decision as issued and transmitted." Harris ¶ 17.

4

> any decision of the Board following a Proposed Decision on a contested Accusation, pursuant to Government Code section 11519, shall be made effective no less than 30 days following the issuance date of the Board decision.
>
> With specific regard to the Matter of the Accusation against International Pharmaceutical Services and Afshin Adibi, Case No. 2347 now pending before the Board, the Board hereby orders that it shall not deviate from this policy, and hereby stipulates and agrees that any decision issued in this case will be made effective no less than 30 days from the date of its issuance. This order and stipulation is made without specific knowledge of the facts of the case, or of the charges made, and without prejudice to the Board's subsequent consideration of such facts and charges should this case come before the Board.[2]

Docket No. 86.

In response, Plaintiffs argued, *inter alia*, that Defendants failed to provide what the court requested. Plaintiffs also submitted nearly 600 pages of minutes for public Board meetings since 2003 for the purpose of showing that the Board never adopted a policy or practice as described above. Plaintiffs contend that, because "the 'long standing policy and practice' cannot be documented, [that] must mean that it does not exist." Pls.'s Memo. at 2.

Subsequently, Defendants filed a motion for leave to file a response to Plaintiffs' supplemental briefing. Defendants' response essentially consists of evidence -- more specifically, a declaration from Joshua A. Room, Deputy Attorney General and liaison to the Board, and minutes and related documents from the Board's Enforcement Committee meetings. Defendants submitted this material largely for the purpose of establishing that the Board did in fact adopt a policy and practice of making a decision effective no sooner than thirty days after issuance. Plaintiffs did not oppose Defendants' motion for leave to file a response but asked for the opportunity to file a reply "because of the obvious differences in the parties' characterizations of the evidence submitted in response to the Court's Order of September 13, 2006." Pls.' St. at 1. The Court hereby **GRANTS** both Defendants' motion for leave to file a response and Plaintiffs' request to file a reply.

---

[2] Although it is not entirely clear to the Court what is meant by the last phrase of the last sentence of the order (*i.e.*, "This order and stipulation is made . . . without prejudice to the Board's subsequent consideration of such facts and charges should this case come before the Board."), Plaintiffs have not challenged the order on the basis of that phrase.

In their reply, Plaintiffs criticized the Enforcement Committee minutes and related documents for various reasons. For example, Plaintiffs point out that the relevant portions of the minutes and related documents provided by Defendants largely concern California Government Code § 11521 (which deals with reconsideration of an agency decision), and not § 11519. The only comment made regarding § 11519 is that "[h]istorically, the board has made the effective date of an adopted decision of the ALJ 30 days after its service." However, the Court's decision does not turn on this information provided by Defendants.

The basic question for the Court is whether the Board order signed by Mr. Powers provides a sufficient guarantee to Plaintiffs that they will have a meaningful opportunity to present their constitutional claims for independent judicial review prior to the Board's decision becoming effective. Plaintiffs suggest that the order is not a sufficient guarantee because "[w]hat Mr. Powers 'ordered,' he can undo with the next stroke of his pen" and because it is not even clear that Mr. Powers had "the authority to speak for the Board on this problem." Pls.' Memo. at 2. Neither argument is persuasive. The declaration from Mr. Room establishes that the order was made pursuant to a vote by the Board. *See* Room Decl. ¶ 23 ("Board staff . . . acquired the approving votes of the full Board necessary to issue the Order from the Board previously filed with the Court."). As for Plaintiffs' contention that, what Mr. Powers or the Board can do, he or the Board can also undo, the Court disagrees. The order, together with the Room declaration and the representations made to the Court, are functionally equivalent to a stipulation to the Court. *See* Room Decl. ¶ 23 ("Rather than supply meeting minutes which the Court had already opined were probably but not necessarily adequate . . . , we decided instead to supply the stipulation that the Court had solicited as a foolproof basis for dismissal."). The September 26, 2006, Board order filed with this Court expressly states that the Board stipulates and agrees that, in Mr. Adibi's case in particular, any decision issued will be made effective no less than 30 days from its issuance. Plaintiffs can rely on that to estop Mr. Powers and the Board from acting otherwise. *Cf. Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059 (Fed. Cir. 1995) (rejecting the argument that a covenant not-to-sue offered by the party's attorney -- and not the party itself -- was insufficient to render the case moot because "Super Sack cannot free itself of the estoppel that its

6

counsel has created with respect to Chase merely by retaining different counsel, and no rule of agency law with which we are familiar can relieve Super Sack of the estoppel on the ground that its current counsel acted *ultra vires*"). The Board order is of no less legal effect than counsel's stipulation in *Kenneally*.

Plaintiffs assert, however, that the Board order is still inadequate for purposes of satisfying the third *Younger* prong because it comes too late in the proceedings. Plaintiffs argue that "a change in circumstances or newly presented facts can[not] trigger *Younger* abstention after a federal case is under way." Pls.' Memo. at 4. This argument is essentially a rehash of Plaintiffs' argument in its summary judgment papers that a *Younger* claim lies only at the onset of a case and cannot be raised after the federal case has proceeded into the substantive merits.

As the Court indicated at the hearing on the cross-motions for summary judgment, the argument is without merit. First of all, the Court notes that the issue of *Younger* abstention can be addressed by a federal court at any time no matter how far along the litigation is. Indeed, there are cases in which the issue of *Younger* abstention was considered for the first time on appeal. *See, e.g.*, *H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (considering *Younger* abstention "for the first time on appeal because *Younger* abstention may be raised sua sponte at any point in the appellate process"); *San Remo Hotel v. City & County of San Francisco*, 145 F.3d 1095, 1104 (9th Cir. 1998) ("affirm[ing] the district court's denial of leave to amend Field's complaint as futile, albeit on the ground that his equal protection claim would have been barred by *Younger*"). To be sure, as Plaintiffs point out, these cases do not address the issue at bar; *Younger* abstention, though considered later, turned on whether state proceedings were ongoing at the time the federal suit was filed. Nonetheless, these cases underscore the primacy of *Younger* abstention even when belatedly raised.

The cases cited by Plaintiffs for the proposition that the Board's stipulation comes too late are distinguishable. These cases all pertain to the first prong of *Younger* -- whether state proceedings are "ongoing." For example, in *For Your Eyes Alone, Inc v. City of Columbia, Ga.*, 281 F.3d 1209 (11th Cir. 2002), the state proceeding was initiated *after* the federal proceedings began. *See id.* at 1220. In *Liedel v. Juvenile Court of Madison County, Ala.*, 891 F.2d 1542 (11th Cir.

7

1990), the court held that "*Younger* applies if state court proceedings were pending at the time of the filing of the federal complaint." *Id.* at 1546 n.6. Other cases cited by Plaintiffs likewise hold that "the proper point of reference for determining whether state proceedings are 'ongoing' is the date the federal complaint is filed." *Federal Express Corp. v. Tennessee Public Serv. Comm'n*, 738 F. Supp. 1140, 1143 (M.D. Tenn. 1990); *see also De Spain v. Johnston*, 731 F.2d 1171, 1178 (5th Cir. 1984) ("The initial frame of reference for abstention purposes is the time that the federal complaint is filed. If a state action is pending at this time, the federal action must be dismissed."); *Zalman v. Armstrong*, 802 F.2d 199, 204 (6th Cir. 1986) ("We agree that the proper time of reference for determining the applicability of *Younger* abstention is the time that the federal complaint is filed. If a criminal prosecution is pending in state court at this time, *Younger* requires federal noninterference, unless extraordinary circumstances are otherwise found to exist."); *Pennzoil v. Texaco, Inc.*, 481 U.S. 1, 17 (1987) ("[W]e cannot say that those [state] courts, when this suit was filed, would have been any less inclined than a federal court to address and decide the federal constitutional claims."); *cf. M&A Gabaee v. Community Redevelopment Agency of the City of Los Angeles*, 419 F.3d 1036, 1042 (9th Cir. 2005) (stating that issue is whether federal proceedings of substance on the merits had begun). As Plaintiffs admit, "none of these cases involved the third point of the *Younger* trilogy which is now before this Court, 'adequate opportunity in the state proceedings to raise constitutional challenges.'" Pls.' Memo. at 3.

Plaintiffs nonetheless contend that the rule that "the proper point of reference for determining whether state proceedings are 'ongoing' is the date the federal complaint is filed," *Federal Express*, 738 F. Supp. at 1143, applies "without any limitation as to which part of the trilogy is involved." Pls.' Memo. at 3. In other words, according to Plaintiffs, all three prongs of *Younger* must be satisfied at the time of the filing of the federal complaint in order for the court to properly abstain from exercising jurisdiction. Plaintiffs further suggest that the Court should reject the Board order because it is litigation-inspired or "manufactured 'evidence.'" *Id.* at 2.

The problem for Plaintiffs is twofold. First, they have no authority to support their position that all three prongs of *Younger* (and not just the first -- *i.e.*, whether a state proceeding is ongoing) must be satisfied at the time of the filing of the federal complaint. No court has held that the third

8

*Younger* prong -- an adequate opportunity to litigate the federal claims in the state venue -- must exist at the time the federal suit was filed. Unlike the third prong, the first prong of *Younger* requiring that the state action be "ongoing" contains an explicit and inherent time element. The time sensitive assessment of the "on-goingness" of state proceedings at the time the federal suit is commenced does not logically extend to the third prong examination of whether there is an adequate opportunity to litigate in the state venue.

In fact, Plaintiffs' argument is inconsistent with Ninth Circuit case law. In *Kenneally*, at the time the federal complaint was filed, the third prong had not been satisfied -- *i.e.*, the plaintiff did not have a guaranteed thirty days to seek judicial review before the state medical board could execute any revocation order it issued. The *Kenneally* federal complaint was filed on October 4, 1991. *See Kenneally v. Lungren*, No. CV 91-5424 RJK, 1992 WL 163605, at *1 (C.D. Cal. Jan. 8, 1992). At that time, no stipulation had been made by the state medical board to stay the revocation of the plaintiff's physician's license for thirty days. Rather, the stipulation appears to have been made on or about October 25, 1991, *after* the federal district court first heard argument on whether *Younger* abstention was applicable. *See id.* (noting that court first considered argument on *Younger* on October 16, 1991); *see also Kenneally v. Lungren*, No. 92-55098, 12012286, at *34 (appellate brief). Plaintiffs' position does not square with *Kenneally*.

Plaintiffs raise the policy concern that permitting a post-filing stipulation designed to satisfy the third prong of *Younger* is litigation inspired and permits a defendant to manipulate the venue. That concern has some justification. One could imagine, for instance, that well into the progress of a federal case, a defendant sensing a high risk of losing on the merits (*e.g.*, based on a denial of a motion to dismiss or for summary judgment on the merits, grant of a preliminary injunction, etc.) could offer up a stipulation to satisfy the third prong of *Younger* thereby obtaining abstention in favor of the state forum. But the defendant's ability to control the forum is limited; it is conditioned on satisfaction of the first two prongs of *Younger*, elements generally beyond the defendant's control. Hence, any concern about the defendant's ability to forum shop is somewhat remote.

More important, should the defendant seek to manipulate the forum in order to, *e.g.*, hedge its bet on the merits, the defendant risks a finding that it has waived or forfeited its right to seek

9

*Younger* abstention. *Younger* abstention is not jurisdictional; it is a prudential limitation designed to preserve comity between state and federal courts. *See Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 626 (1986) (stating that *Younger* abstention "does not arise from lack of jurisdiction in the District Court, but from strong policies counseling against the exercise of such jurisdiction where particular kinds of state proceedings have already been commenced"); *United States v. Morros*, 268 F.3d 695, 707 (9th Cir. 2001) ("Whether it is labeled comity, federalism, or some other term, the policy objective behind *Younger* abstention is to avoid unnecessary conflict between state and federal governments.") (internal quotation marks omitted); *Kleenwell Biohazard Waste and General Ecology Consultants, Inc. v. Nelson*, 48 F.3d 391, 394 n.3 (9th Cir. 1995) ("*Younger* abstention is a jurisprudential rather than a jurisdictional question."). Thus, *Younger* abstention may be waived. *See Ohio Civil Rights Comm'n*, 477 U.S. at 626 (noting that a state may submit to federal jurisdiction in spite of a tenable abstention claim or waive that abstention claim); *Nelson*, 48 F.3d at 394 (noting that a state can waive its right to raise *Younger*). In addition to express waiver, courts have found waiver or forfeiture of the right to *Younger* abstention based on the defendant's conduct, such as failure to timely raise *Younger*. *See Kendall-Jackson Winery, Ltd. v. Branson*, 212 F.3d 995, 997 (7th Cir. 2000) (concluding that a state did not affirmatively waive the benefits of abstention but that it forfeited application of the doctrine by declining to appeal); *Walnut Properties, Inc. v. Whittier*, 861 F.2d 1102, 1106-07 (9th Cir. 1988) (noting that *Younger* abstention did not apply because the state court voluntarily stayed its own proceedings pending resolution of the case in federal court; adding that "a decision to abstain at this late date would result in such duplicious [sic] litigation and waste of resources that it would greatly frustrate our interests in judicial economy, with no apparent justification").

To the extent courts have some discretion in deciding whether to abstain when the issue of abstention comes up late in the litigation, *see Walnut Properties, Inc.*, 861 F.2d at 1106-07,[3] courts

---

[3] *But see Green v. City of Tucson*, 255 F.3d 1086, 1093 (9th Cir. 2001) ("[I]n addressing *Younger* abstention issues, district courts must exercise jurisdiction except when specific legal standards are met, and may not exercise jurisdiction when those standards are met; there is no discretion vested in the district courts to do otherwise."), *overruled in part on other grounds by Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004).

generally consider competing "fairness considerations," *Smith v. Metropolitan Property and Liability Ins. Co.*, 483 F. Supp. 673, 678 (D. Conn. 1980) (discussing abstention by a federal court to secure a decision from the state courts); whether abstention would result in "duplicious [sic] litigation and waste of resources," *Walnut Properties*, 861 F.2d at 1107 (discussing *Younger* abstention); and whether belated abstention would serve the "purposes that animate the abstention principle." *Spivey v. Barry*, 665 F.2d 1222, 1239 (D.C. Cir. 1981) (discussing *Pullman* abstention). Like Eleventh Amendment immunity, were a defendant permitted to "litigate the case on the merits, and then belatedly claim [*Younger* abstention] to avoid an adverse result, [this] would 'work a virtual fraud on the federal court and opposing litigants.'" *Hill v. Blind Industries and Services of Maryland*, 179 F.3d 754, 758 (9th Cir. 1999).

In the case at bar, the stipulation and order provided by the Board in this case satisfies the final prong in *Younger*. The stipulation was not provided too late within the federal proceedings. There was no attempt to litigate the merits before belatedly raising *Younger* as a means of hedging a bet on the merits. *Younger* was raised in Defendants' first motion to dismiss. After the Court denied the first motion, Defendants promptly sought to address the third prong of *Younger* in the instant motion for summary judgment. Because all three elements of *Younger* are satisfied, Defendants' motion for summary judgment is granted and this case is dismissed.

In light of the dismissal on the above-discussed grounds, the Court need not reach the questions raised regarding the substantive merits of Plaintiffs' and Defendants' cross-motions for summary judgment.

///
///
///
///
///
///
///
///

11

### III. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted and Plaintiffs' motion for summary judgment denied. The case is dismissed. The Clerk of the Court is directed to enter judgment and close the file in this case.

IT IS SO ORDERED.

Dated: November 9, 2006

_____
EDWARD M. CHEN
United States Magistrate Judge